**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES A. O'HARA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-CV-105 DDN |
| | ) |
| ALAN BLAKE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Charles A. O'Hara, a civil detainee at the Missouri Sexual Offender Treatment Center (MSOTC), for leave to commence this action without payment of the required filing fee [Docs. #1, #3, and #5].

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks injunctive and monetary relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Alan Blake, identified as the Chief Executive Officer at MSOTC, and Martha Bellew-Smith, identified as the Clinical Director at MSOTC. Plaintiff's complaint alleges that: (1) he is denied access to the courts; (2) MSOTC is not the "least restrictive environment;" and (3) he is denied due process of law in connection with conduct violations.

**Discussion**

Plaintiff's claim that he is denied due process of law in connection with conduct violations survives review under § 1915(e)(2)(B) and should not be dismissed as this time.

Plaintiff's claim that he is being denied access to the courts, however, should be dismissed. Plaintiff's claim that he is being denied access to the courts because (among other things) the law library at MSOTC is inadequate does not state an access to the courts claim. To state an access to the courts claim, plaintiff must allege that he suffered actual prejudice to a non-frivolous

2

action. See Lewis v. Casey, 518 U.S. 343, 351 (1996). There being no such allegation in the instant complaint, plaintiff's claim should be dismissed pursuant to § 195(e)(2)(B).

Plaintiff's claim that MSOTC is not the "least restrictive environment" should also be dismissed. Persons involuntarily committed to the state's custody by means of a civil proceeding - even those committed under Missouri's Sexually Violent Predators Act (SVPA)[1]-retain constitutionally protected liberty interests to reasonable safety, reasonable freedom from bodily restraint (e.g., use of handcuffs, shackles, etc.), and such reasonable training or treatment as may be required. See Youngberg v. Romeo, 457 U.S. 307, 324 (1982). The Supreme Court, however, has made clear that when evaluating whether a civil detainee's liberty rights have been violated - in deciding whether a restraint is reasonable - the courts must defer to the decisions of professionals. Specifically, the Supreme Court has stated:

> the decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision made by the professional is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible did not base the decision on such judgment.

Youngberg, 457 U.S. at 324.

In short, those responsible for a civil detainee's care and confinement do not have to employ the least restrictive means available or the best possible alternative. See Thielman v. Leean,

---

[1] Missouri Revised Statutes §§ 632.480-.513 (2000).

3

104 F.Supp.2d 982, 992 (W.D. Wisc. 2001) ("so long as [the] choice was made by a professional, it is presumptively valid even if it is not the best alternative."); Collington v. Milwaukee County, 163 F.3d 982, 990 (7th Cir. 1998) (mere disagreement about which of many professionally acceptable treatment plans should have been implemented does not state a due process claim).

Furthermore, the Court notes that, by definition, sexually violent predators are more likely to engage in predatory acts of sexual violence than other types of civil detainees. Mo. Rev. Stat. § 632.480 (2000). Due to their predatory nature and the threat of sexual violence, the confinement of sexually violent predators raises confinement and security issues that are different from those posed by other types of civil detainees. Seling v. Young, 531 U.S. 250, 261 (2001); Kansas v. Hendricks, 521 U.S. 346, 363 (1997). Because of the differences between sexually violent predators and other civil detainees, plaintiff's allegation that the restrictions imposed upon him are more "prisoner-like" than "patient-like" -without more - does not state a constitutional claim.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motions to proceed in forma pauperis are **GRANTED**. [Doc. 1, 3]

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue to defendants Blake and Bellew-Smith upon the complaint's due process claim.

An appropriate order of partial dismissal shall accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ___17th___ day of May, 2006.